**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JORDAN H.,                                      )
                                                )
            Plaintiff,                          )          No. 24cv7051
                                                )
                       v.                       )          Magistrate Judge Keri L. Holleb Hotaling
                                                )
FRANK BISIGNANO, Commissioner of the            )
Social Security Administration,                 )
            Defendant.                          )
                                                )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jordan H.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 17] is DENIED; the Court hereby remands this matter for further proceedings.

**1.      Procedural History**

On February 9, 2022,[3] Plaintiff filed for DIB and SSI, alleging disability beginning February 15, 2021. [R. 199-213.] The claims were denied initially and on reconsideration. [R. 17.] On November 15, 2023, after an Administrative Hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision. [R. 17-30.] The Appeals Council denied review [R. 1-6], rendering the

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2]     "Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security" [Dkt. 16] is construed as a motion for summary judgment.

[3]     Although the ALJ's decision [Administrative Record ("R.") 17] in this matter and Plaintiff's opening brief [Dkt. 16 at 1] both cite a December 2021 application date, the records themselves reflect a February 9, 2022 application date [R. 199-213], so that is the date the Court has used.

ALJ's November 15, 2023 decision the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff has filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

**2.       The ALJ's Decision**

On November 15, 2023, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 17-30.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 15, 2021. [R. 19.] At Step Two, the ALJ found Plaintiff had the severe impairments of borderline intellectual functioning and ADHD. [*Id.*] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 20-23.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to preform (sic) work at all exertional levels with no restriction of his ability to lift and/or carry, sit, stand or walk throughout an 8 hour workday. [Plaintiff] is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and he should avoid concentrated exposure to unguarded hazardous machinery. [Plaintiff] can understand, remember and carry out simple instructions. [Plaintiff] can use judgment to make simple work-related decisions. [Plaintiff] can tolerate occasional interactions with supervisors and coworkers. [Plaintiff] can tolerate no interactions with the general public. [Plaintiff] cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas. [Plaintiff] can deal with occasional changes in a routine work setting.

[R. 23]. At Step Four, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. [R. 28.] At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 28-29.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 29-30.]

**3.       Social Security Regulations and Standard of Review**

In Social Security appeal cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner is based upon substantial evidence and the proper legal criteria.

*Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his/her conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).

**4.      Discussion**

Among other things, Plaintiff alleges the ALJ improperly discounted the opinion of the examining expert in this case. The Court agrees, and remands on this basis; the Court declines to reach any of the other issues presented by Plaintiff in support of remand.

In this case, State Agency examiner Dr. Michael E. Stone, Psy.D., examined Plaintiff for the Agency and administered Wechsler Adult Intelligence Scale-IV ("WAIS-IV") testing. [R. 347-48.] Dr. Stone opined that Plaintiff had a poor ability to understand, remember, and follow simple directions; a poor ability to maintain attention required to perform simple, repetitive tasks and sustain concentration, persistence or pace; a fair ability to work with others; and a poor ability and adaptive capacity to withstand stress and pressures associated with daily work activity. [*Id.*] The ALJ rejected

3

this opinion in two sentences: "I do not find this opinion persuasive. This was a one-time examination of the claimant, and largely based on the claimant's subjective allegations." [R. 27.]

As this Court has previously noted, "[r]ejecting the opinion of an agency's doctor that supports a disability finding is 'unusual' and 'can be expected to cause a reviewing court to take notice and await a good explanation' even in this post-treating-physician-rule era." *Laura G. v. O'Malley*, No. 23-cv-1651, 2024 WL 4226273, at *3 (N.D. Ill. Sept. 18, 2024) (citing *Jones v. Saul*, 823 F. App'x 434, 439 (7th Cir. 2020)). Unfortunately, the ALJ's two reasons for rejecting the opinion of his examining expert do not constitute the type of "good explanation" the Court can consider legally sufficient to discount the Agency's own examining expert's opinion.

First, the ALJ discounted Dr. Stone's opinion because "it was a one-time examination of the claimant." [R. 27.] This reasoning would invalidate all Agency consultative examinations. *See* 20 C.F.R. § 404.1519 (explaining Agency use of consultative examinations). The Court rejects this reasoning because *all* Agency consults are, by their very nature, one-time examinations. *See Erik W. v. Dudek*, No. 24-cv-4865, 2025 WL 832809, at *3 (N.D. Ill. Mar. 17, 2025). Thus, "[t]o find a consultative examiner's evidence unpersuasive because it is based upon a single interaction nullifies the need for a consultative examination." *Id.* "[T]he agency rules contemplate one-time consultative exams and that, by itself, is not a legitimate reason to discredit a doctor's opinion." *William G. v. Kijakazi*, No. 20-cv-5880, 2022 WL 2305323, at *3 (N.D. Ill. June 27, 2022) (citation omitted). Moreover, as this Court has noted, "[w]hen an ALJ rejects an agency doctor's finding, a good explanation is required because the agency's own doctor is unlikely to exaggerate an applicant's disability." *Laura G.*, 2024 WL 4226273, at *3 (cleaned up). The ALJ's error in dismissing the Agency expert's opinion on this basis is further troublesome because Agency consultative examinations are ordered when "the evidence as a whole is insufficient to allow us to make a determination or decision on your claim" or "to try to resolve an inconsistency in the evidence," as

4

apparently happened here, given the occurrence of a consultative examination. 20 C.F.R. § 404.1519a; *see also Clayborne v. Astrue*, No. 06-cv-6380, 2007 WL 6123191, * 6 (N.D. Ill Nov. 9, 2007) (order for consultative examination was indicative that the record required additional development).

The ALJ also created an inconsistency, which he did not later resolve, by discounting this opinion as based on a one-time exam yet finding mostly persuasive the evidence of Agency reviewers Dr. Howard Tin, Psy.D. and Dr. Donna Galassi-Hudspeth, Psy.D., neither of whom ever examined Plaintiff. [R. 26.] *See Paul v. Berryhill*, 760 Fed.Appx. 460, 464 (7th Cir. 2019) (ALJ wrongly discounted opinion of an examining physician "for being based on a one-time examination" when, at the same time, he gave "great weight" to the opinion of a non-examining physician whose opinion was based on a onetime review of claimant's mental health-records); *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (citing 20 C.F.R. § 404.1520c(c)(3)(v)) ("an examining doctor may have more insights than a doctor reviewing evidence in a folder"); *Brent v. Astrue*, 879 F.Supp.2d 941, 951 (N.D. Ill. 2012) (discussing inconsistency with discounting opinion based on treatment frequency but then relying on physician who never examined claimant).

Second, the ALJ rejected Dr. Stone's opinion as "largely based on the claimant's subjective allegations." [R. 27.] Yet the Seventh Circuit explained that "psychiatric assessments normally are based primarily on what the patient tells the psychiatrist" when that court categorically rejected the idea that evidence relayed to a psychiatrist must be rejected because it is based on a patient's subjective allegations (which would totally exclude all psychiatric evidence from social security disability proceedings). *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015). To clarify, "a psychological assessment is by necessity based on the patient's report of symptoms and responses to questioning" but "[a] psychiatrist does not merely transcribe a patient's subjective statements. Mental-health assessments normally are based on what the patient says, but only after the doctor

assesses those complaints through the objective lens of her professional expertise." *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016); *Mischler v. Berryhill*, 766 F. App'x 369, 375 (7th Cir. 2019). The Commissioner's reliance upon 20 C.F.R. § 404.1520c(c)(3)(ii), under which an ALJ may take into account the frequency of a claimant's visits with a physician to understand the longitudinal nature of the claimant's impairments, fails to adequately rebut Plaintiff's argument that the ALJ's analysis of Dr. Stone's opinions was insufficient for the reasons stated above.

As this Court has noted, under 20 C.F.R. § 404.1520c(b)(2), "*some* analysis is required: consistency and supportability are the most important factors ALJs consider when we determine how persuasive we find a medical source's medical opinions to be and, therefore, ALJs will explain how they considered the supportability and consistency factors for a medical source's medical opinions in your determination or decision." *Kilyam M. v. O'Malley*, No. 22-cv-3982, 2024 WL 342570, at *4 (N.D. Ill. Jan. 30, 2024) (cleaned up) (emphasis added). Further, a mere "conclusion – as opposed to an explanation –" will not suffice as far as supportability and consistency are concerned. *Patrice W. V. Kijakazi*, No. 20-cv-02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022). The Court here, with the two-sentence paragraph given by the ALJ, cannot trace the ALJ's chain of reasoning, even acknowledging the Seventh Circuit's recent clarification that ALJ's "are subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Although Dr. Stone specifically referenced the results of the WAIS-IV and mental status testing he administered [R. 347-48], the ALJ did not assess whether his opinion was supported by these findings. (Moreover, Plaintiff is correct that "the ALJ's rationale is particularly unsupported given that Dr. Stone explained that his opinions were not based on unquestioned acceptance of [Plaintiff's] allegations but on the results of his WAIS-R and mental status testing." [Dkt. 16 at 7 (citing R. 347-48).]) Likewise, the ALJ failed to explain how he considered consistency of Dr. Stone's opinion as the regulations require. 20 C.F.R. § 404.1520c(b)(2). Plaintiff details many medical

6

records, educational records, and third-party function reports that seemingly both support and are consistent with Dr. Stone's opinions. [Dkt. 16 at 8-10.] However, this was for the ALJ to review and decide.

If the ALJ wants this Court to uphold his denial of benefits, he must at least satisfy the minimal articulation requirements required of him, *Warnell*, 97 F.4th at 1053, which he has not done here with respect to Dr. Stone. While the instant decision is a far cry from declaring Plaintiff disabled, Plaintiff may have a very tough row to hoe in showing disability. As the ALJ noted, although Plaintiff alleged his symptoms were lifelong, he had been able to work (at substantial gainful employment, not done under any special conditions) for several years despite those symptoms, and there was no evidence that his symptoms became worse around the time he stopped working in February 2021. [R. 25.] In fact, Plaintiff told his therapist in June 2021 that he had quit working some four months earlier because he "needed a break." [*Id.*, R. 609.] Plaintiff did not begin mental health treatment until June 2021, after which he began reporting improvement; once he began taking medication in September 2021, he reported further improvement. [R. 24-25.] He consistently told his medical providers he was improving and, as the ALJ observed, Plaintiff did not report experiencing any symptom exacerbation since starting mental health treatment. [R. 25.] Plaintiff also reported to his therapist that in five to six years he would like to be in college (for teaching, CNA, or business marketing), have his own apartment, have his own family, and own his own business. [R. 609-10.] Based on its review of the Administrative Record here, these do not appear to the Court to be merely aspirational, pie-in-the-sky fantasies of working despite alleging potentially disabling ailments. However, the Court cannot conclude with "great confidence" the ALJ would reach the same conclusion without his error mentioned above.[4] *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). If the ALJ's conclusion

---

[4]    The Court notes that the Commissioner did not make any harmless error arguments in his brief [*see* Dkt. 18].

remains, upon remand, that Plaintiff is still not disabled, he must simply support that decision adequately.

**5.    Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 17] is DENIED.

**ENTERED: September 9, 2025**

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge